IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.06-cv-00688-WDM-CBS

HOWARD GOSMAN,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

     Defendant.

_____

## ORDER ON MOTION FOR SUMMARY JUDGMENT
_____

Miller, J.

     This matter is before me on State Farm Mutual Automobile Insurance Company's

(State Farm) motion for summary judgment, filed August 25, 2006.  I have reviewed the

parties' written arguments and their summary judgment evidence and find that oral

argument is not required.  For the following reasons, the motion will be granted in part

and denied in part.

### Background[1]

     On November 30, 2001, Plaintiff Howard Gosman (Gosman) was injured in an

automobile accident, suffering expenses totaling over $50,000.  At the time, of the

accident both Gosman and the other driver, Patricia Romero (Romero) were insured by

State Farm.

_____

[1] Unless otherwise noted, the background  facts, drawn from the parties' factual
statements and supporting evidence, appear to be undisputed.

Following the accident, it was determined that Romero was liable for Gosman's injuries and the parties to the accident entered into settlement negotiations.  Although State Farm insured both drivers, State Farm represented only Romero in these negotiations.  On January 14, 2003, Gosman agreed to settle his claims with Romero for $12,000, and signed a general release regarding his bodily injury claims.  At this time, State Farm did not notify Gosman of additional benefits he may have been entitled to under his under insured motorist (UIM) coverage.  As a consequence, Gosman did not make a claim for such benefits.

Then, on October 23, 2003, Gosman received a form letter from State Farm informing him that he could potentially be entitled to UIM benefits.  Gosman completed an attached questionnaire and returned it to State Farm.  In response, a claim representative contacted Gosman on December 12, 2003, and informed him that he would not qualify for UIM coverage because he settled with Romero for less than Romero's policy limits.  State Farm later confirmed this denial in a July 5, 2005 letter and ultimately informed Gosman his UIM claim was time barred in an August 5, 2005 letter.  As a result, Gosman brought this action, on November 18, 2005, alleging bad faith breach of an insurance contract premised on alleged failures to investigate and pay plaintiff's claim for UIM benefits.  In response, State Farm filed a motion for summary judgment, arguing that Gosman's claim is barred by the statute of limitations.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

2

Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Id.*

<u>Discussion</u>

A claim for bad faith breach of contract is governed by the two-year statute of limitations in C.R.S. § 13-80-102.  The action accrues from "the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." C.R.S. § 13-80-108(6).  To determine when the breach should have been discovered, the court must determine "when litigation could have first been successfully maintained." *Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 226 (Colo. App. 2002) (quoting *Flatiron Paving Co. v. Great Southwest Fire Ins. Co.*, 812 P.2d 668, 670 (Colo. App. 1990).

A claim based on Gosman's settlement with Romero in January 2003, would be barred by the statute of limitations because this action was commenced well over two years after these events.  Similarly, a bad faith claim based on the even earlier

3

handling of Plaintiff's property damage claim (December 26, 2001) and the personal injury protection (PIP) claim (January 2002) would likewise be barred.  Plaintiff does not present any facts material to his bad faith claim that he did not already know of or should not have known of when he settled these matters in December 2001 or January 2002.  Gosman was involved in all negotiations and is deemed to have constructive knowledge of the terms and conditions of his insurance policy.  *Unigard, SEC. Ins. Co. Trust*, 12 P.3d 296, 300 (Colo. Ct. App. 2000).  Accordingly, summary judgment based on the claims arising from the settlements in December 2001, January 2002 and January 2003, should be granted.

On the other hand, Gosman emphasizes that it was State Farm's treatment of the UIM claim that constitutes bad faith.  For purposes of determining when a cause of action may have accrued, Gosman's allegation of bad faith regarding the UIM claim is temporally and substantively distinct from the earlier claims, and alleges a "separate and distinct tortious act" for purposes of the statute of limitations.  *Harmon v. Fred S. James & Co.*, 899 P.2d 258, 262 (Colo. App. 1994).  Defendant does not really respond to this formulation of Gosman's claim and summary judgment should be denied as to events occurring after November 18, 2003, concerning the denial of the UIM claim.

Accordingly, it is ordered:

1.  Defendant's motion for summary judgment (doc. no. 15) is granted in part and denied in part.

2.  Partial summary judgment is granted to the extent that Plaintiff bases his claim for bad faith breach of insurance contract on the separate and distinct tortious

4

acts which antedated November 18, 2003, including Plaintiff's settlement of his property claim on or about December 26, 2001, Plaintiff's settlement of his PIP claim on or about January 8, 2002, and Plaintiff's settlement with Patricia Romero on or about January 14, 2003.

3.   Plaintiff's claim concerning the Defendant's denial of the UIM coverage in December 2003 remains pending.

4.   Plaintiff's amended motion to file a response to Defendant's supplement (doc. no. 42) is granted.

DATED at Denver, Colorado, on March 21, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge